**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-4080**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONNIE RAY COX, JR.,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:13-cr-00070-D-1)

―――――――――

Submitted:  September 25, 2014    Decided:  September 29, 2014

―――――――――

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

―――――――――

Affirmed in part and dismissed in part by unpublished per curiam opinion.

―――――――――

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie Ray Cox, Jr., pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012), and was sentenced to 228 months' imprisonment. On appeal, Cox's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning the reasonableness of Cox's sentence. Cox was advised of his right to file a pro se supplemental brief but did not file such a brief. The Government has moved to dismiss the appeal based on the appellate waiver provision in the plea agreement. We affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Our review of the record leads us to conclude that Cox knowingly and voluntarily waived the right to appeal

2

his sentence, reserving the right to appeal only a sentence in excess of the Guidelines range established at sentencing. Because the district court imposed a below-Guidelines sentence, we grant in part the Government's motion to dismiss and dismiss the appeal of Cox's sentence.

Although the waiver provision in the plea agreement precludes our review of Cox's sentence, the waiver does not preclude our review of any errors in Cox's conviction that may be revealed by our review pursuant to Anders. Pursuant to Anders, we have reviewed the entire record for meritorious, nonwaived issues and have found none. We therefore affirm in part and dismiss in part. This court requires that counsel inform Cox, in writing, of his right to petition the Supreme Court of the United State for further review. If Cox requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Cox. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

3